**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4188**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LAVELL SINKLER, a/k/a Gotti, a/k/a Gotti Brain,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge.  (3:19-cr-00986-TLW-11)

───────────────

Submitted:  August 22, 2022                    Decided:  August 31, 2022

───────────────

Before KING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Hannah R. Metcalfe, METCALFE & ATKINSON, LLC, Greenville, South Carolina, for Appellant.  Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lavell Sinkler pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Under the plea agreement, Sinkler agreed to waive his right to appeal his conviction and sentence. The district court sentenced Sinkler, within the advisory Sentencing Guidelines range, to 125 months' imprisonment. Sinkler timely appealed.

Counsel for Sinkler has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the calculation of Sinkler's criminal history category.  Although informed of his right to do so, Sinkler has not filed a pro se supplemental brief. The Government moves to dismiss the appeal as barred by the appellate waiver included in Sinkler's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that Sinkler knowingly and voluntarily waived his right to appeal. We therefore conclude that the waiver is valid.

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Sinkler, in writing, of the right to petition the Supreme Court of the United States for further review. If Sinkler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sinkler. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3